**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

ROBERT N. HOLTZMAN
PARTNER
PHONE 212-715-9513
FAX 212-715-8035
RHOLTZMAN@KRAMERLEVIN.COM

November 2, 2009

**VIA ECF**

The Honorable A. Kathleen Tomlinson
United States Magistrate Judge
United States District Court
100 Federal Plaza
P.O. Box 9014
Central Islip, New York 11722-9014

      Re: *Anthony Thompson v. World Alliance Financial Corp., et al.,*
           No. 08 Civ. 4951 (ADS) (AKT)

           *Michael Lauretti v. World Alliance Financial Corp.,*
           No. 09 Civ. 2471 (ADS) (AKT)

Dear Magistrate Judge Tomlinson:

      We represent defendants World Alliance Financial Corporation, Vertical Lend Inc., Mortgage Warehouse, David Peskin, and Nicholas Hahn (collectively, "defendants") in the above-captioned actions, which recently were consolidated by the Court. On October 27, 2009, counsel for the parties appeared before Your Honor for a conference regarding the proposed notice of pendency and lead counsel issues. We write briefly to offer an additional reason why appointment of lead counsel for plaintiffs is both necessary and appropriate at this early stage of the litigation.

      Under the Fair Labor Standards Act (the "FLSA"), a prevailing or winning plaintiff's attorney automatically is entitled to attorney's fees from the defendant. 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). At present, there are four law firms representing plaintiffs and prosecuting their claims in this consolidated action. In the event that plaintiffs ultimately are able to establish a violation of the FLSA and defendants' liability in this action, then defendants could be responsible for payment of, among other things, all of the time and labor expended in connection with this case by plaintiffs' counsel at four separate law firms; that is, unless a single firm and/or its local counsel is appointed lead counsel going forward for all discovery, notice and other pretrial purposes. Likewise, should the parties attempt to engage in settlement negotiations at some later date, defendants could be greatly prejudiced by the lack of coordination between plaintiffs' counsel – a problem which likely could be obviated by the appointment of lead counsel.

**KRAMER LEVIN NAFTALIS & FRANKEL** LLP

The Hon. A. Kathleen Tomlinson
November 2, 2009
Page 2

In sum, for the reasons set forth above and in my October 9, 2009 letter to the Court, defendants respectfully request that the Court appoint lead counsel as soon as practically and procedurally possible. Thank you for time and consideration of this matter.

Respectfully yours,

Robert N. Holtzman

cc: Terrence Buehler, Esq. (via e-mail and ECF)
    Jeffrey Halldin, Esq. (via e-mail and ECF)
    Erik H. Langeland, Esq. (via e-mail and ECF)
    Suzanne Tongring, Esq. (via e-mail and ECF)
    James B. Zouras, Esq. (via e-mail and ECF)

KL3 2748059.1